UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT FORT CAMPBLELL

UNITED STATES OF AMERICA

v.  CASE NO. 5:13-MJ-00145-K

JAMES C. PINGLETON

### MEMORANDUM OPINION AND ORDER GRANTING MOTION TO WITHDRAW GUILTY PLEA

Defendant is currently on pre-judgment probation pursuant to the Federal First Offender Act (FFOA), 18 U.S.C. § 3607, following a plea of guilty to simple possession of marijuana in violation of 21 U.S.C. § 844(a). Defendant has been charged with violating a condition of his probation imposed under the terms of the FFOA, i.e., refraining from use of any controlled substance.

This matter is before the Court upon Defendant's motion with withdraw guilty plea (Docket #13).

The Court has continued Defendant's probation revocation hearing pending determination of the present motion to withdraw guilty plea.

In light of the combination of issues raised by Defendant, the Court has serious doubt as to whether his decision to plead guilty was fully informed, voluntary, intelligent, and knowing. Accordingly, the Court will exercise its broad discretion to GRANT the motion to withdraw guilty plea. The hearing on the motion is CANCELLED.

### Factual Background and Procedural History

On December 15, 2012, Fort Campbell military police (MPs) stopped Defendant's vehicle at the Gate 6 entry point. See Agent's Investigation Report, Docket #13-1. A female minor was in the vehicle with Defendant. MPs obtained permission to search the vehicle and discovered a pipe, or smoking device, in the female's purse, which was in the back passenger's seat. In addition, MPs discovered a small plastic baggie containing a green leafy powder in the right passenger glove box. Docket #13-2. A

1

lab report subsequently determined that the pipe contained residue of Tetrahydrocannabinol (THC). Drug Chemistry Report, Docket #13-3.

Defendant was charged with knowingly inducing, causing, or assisting a minor to engage in criminal activity, to-wit, possession of a pipe with marijuana residue (Count 1), simple possession of marijuana (Count 2), and possession of drug paraphernalia (Count 3). Information, Docket #1.

On June 13, 2013, Defendant entered into a written plea agreement with the United States in which he would plead guilty to simple possession in exchange for dismissal of the remaining counts. Plea Agreement, Docket #4.

On June 13, 2013, pursuant to the plea agreement and in light of discussions regarding a FFOA disposition of the possession count that could result in no conviction, the pro-se Defendant pled guilty to simple possession of marijuana. Prior to taking the guilty plea, the Court read the Information to Defendant, who indicated that he understood the charges.

Contrary to Movant's assertion that he was not afforded the right to assistance of appointed counsel at the change of plea proceeding (Docket #13, p. 3), after initially taking Movant's guilty plea, the Court realized that it had not engaged in a thorough colloquy with Movant regarding the rights he would be waiving by pleading guilty. On its own motion, the Court withdrew the previously-entered guilty plea and advised Movant of his rights, including that "you have the absolute right to an attorney in this case and if you cannot afford an attorney I can appoint one for you." Docket #16-1, p. 9. The following exchange then occurred (p. 10):

> **Court:** Alright now that I have been through all of those rights, how do you plead to the charge of one count of simple possession of marijuana?
>
> **Defendant:** Guilty

It is now apparent that, during the entire change of plea proceeding, the Court failed to inform Defendant that simple possession carries a statutory mandatory minimum fine of $1,000. 21 U.S.C. § 844(a).

Having found Defendant guilty, the Court entered a Probation Order pursuant to the FFOA, 18 U.S.C. § 3607, placing Defendant on probation for a period of six months without a judgment of conviction first being entered. Docket #5. Defendant was advised that, in the event he violated any condition of his probation, including refraining from use of any controlled substance and submitting to drug testing, he would be subject to entry of judgment of conviction.

In August, 2013, Defendant tested positive for marijuana on multiple occasions. Docket # 7.

The Court scheduled a revocation-of-probation hearing for December 4, 2013. However, prior to the hearing, Defendant, through counsel, filed the present motion to withdraw guilty plea, to which the United States responded in opposition, and Defendant replied. Docket Nos. 13, 14, and 15.

On December 4, 2013, the Court cancelled the revocation hearing and set a hearing on the motion to withdraw guilty plea for February 5, 2014.

For the reasons below, the motion to withdraw guilty plea (Docket #13) is GRANTED, and the hearing on the motion set for February 5, 2014, is CANCELLED.

**Legal Standard**

Federal Rule of Criminal Procedure (Fed.R.Crim.P.) 11(d)(2)(B) permits a defendant to withdraw a plea of guilty after the court accepts the plea, but before it imposes sentence, if "the defendant can show a fair and just reason for requesting the withdrawal." The Rule "is designed to allow a hastily entered plea made with unsure heart and confused mind to be undone." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir.2006). "The permission to withdraw a guilty plea prior to sentencing is a matter within the broad discretion of the district court." *United States v. Valdez*, 362 F.3d 903, 912 (6th Cir.2004). In exercising its discretion, the district court may consider a number of factors, including but not limited to the following:

(1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Hockenberry*, 730 F.3d 645, 662 (6th Cir.2013) quoting *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir.1994).

In light of the foregoing factors, the Court finds that Defendant has identified a "fair and just" reason to permit withdrawal of his guilty plea.

Fed.R.Crim.P. 11(b) requires that, during a change of plea proceeding and before the Court may accept a plea of guilty, the Court must: (1) inform defendant of the rights he will be waiving by pleading guilty and of other relevant information, including "any mandatory minimum penalty" (Fed.R.Crim.P. 11(b)(1)(I)); (2) determine that the plea was voluntary and did not result from force, threats, or promises other than promises in a plea agreement; and (3) determine that there was a factual basis for the plea.

The ideal means to establish the factual basis for a guilty plea is for the district court to ask the defendant to state, in the defendant's own words, what the defendant did that he believes constitutes the crime to which he is pleading guilty. *United States v. Lalonde*, 509 F.3d 750, 762 (6th Cir.2007).

Errors or omissions in following Rule 11's plea-colloquy instructions are assessed under Rule 11(h), which provides that "[a] variance from the requirements of this rule is harmless error if it does not affect substantial rights." *United States v. Davila*, ___ U.S. ___,133 S.Ct. 2139, 2148, 186 L.Ed.2d 139 (2013); *United States v. Hogg*, 723 F.3d 730 (6th Cir.2013) (same). Where, as here, the error or omission is presented to the trial court, the prosecution bears the burden of showing harmlessness. *Id.* at 2147.

**Failure to advise Defendant of $1,000 statutory minimum fine**

The Court acknowledges that it neglected to specifically inform Defendant that simple possession carries a statutory mandatory minimum fine of $1,000 (21 U.S.C. § 844(a)) and that this error or omission constituted a variance from the plea-colloquy requirement of Fed.R.Crim.P. 11(b)(1)(I). While the Defendant would have been advised of the minimum fine at the beginning of court on the day of his arraignment during the Court's general advisement of all defendants, the minimum fine was not included on the information filed by the United States and the Court did not specifically advise Defendant of the minimum fine at his arraignment conducted immediately prior to the plea-colloquy.

**Factual (mens rea) basis**

Defendant contends that the Court failed to establish an adequate factual (mens rea) basis for his guilty plea because it did not establish that Defendant "**knew** the pipe was in his girlfriend's purse and that he **knew** the pipe (supposedly) contained marijuana." Docket #13, p. 5.

Generally, it is not harmless error for the Court to fail to find a factual (mens rea) basis during a change of plea proceeding. See United States v. Dewalt, 92 F.3d 1209 (D.C.Cir.1996) (the judge who presided at the change of plea proceeding failed to inform the defendant that the government would have to prove that he knew that the sawed-off shotgun he possessed had a barrel length of less than 18 inches).

The Court reserves judgment as to whether the current record supports a factual basis, including the requisite mens rea, to support a guilty plea. However, the Defendant has raised sufficient questions regarding his knowledge of these potential defenses to raise doubt as to whether his guilty plea was knowing and voluntary.

**Order**

For the foregoing reasons, the motion to withdraw guilty plea (Docket #13) is GRANTED, and the hearing on the motion set for February 5, 2014, is CANCELLED.  This case is set for further proceedings on February 5, 2014, at 9:00 a.m.